1
2
3                    UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5                           OAKLAND DIVISION
6
7    JAMES P. PATTERSON,
8                    Petitioner,           No. C 12-1229 PJH (PR)
9        vs.                               **ORDER TO SHOW CAUSE**
10   CONNIE GIPSON, Warden,
11                    Respondent.
12   _____/

13          Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has

14   filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has

15   paid the filing fee.

16          Petitioner was convicted in Alameda County, which is in this district, so venue is

17   proper here.  *See* 28 U.S.C. § 2241(d).

18                              **BACKGROUND**

19          A jury convicted petitioner of three second degree robberies.  He was sentenced to

20   twenty years and four months in prison.

21          Petitioner appealed.  The California Court of Appeal affirmed and the Supreme Court

22   of California denied review.

23                              **DISCUSSION**

24   **A.    Standard of Review**

25          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

26   custody pursuant to the judgment of a State court only on the ground that he is in custody

27   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

28   2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

2    application for a federal writ of habeas corpus filed by a prisoner who is in state custody

3    pursuant to a judgment of a state court must "specify all the grounds for relief available to

4    the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

5    Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

6    petition is expected to state facts that point to a 'real possibility of constitutional error.'"

7    Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

8    1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to

9    summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108

10   (9th Cir. 1996) (Schroeder, J., concurring).

11   **B.    Legal Claims**

12        As grounds for federal habeas relief, petitioner asserts that:  (1) his due process

13   rights were violated by admission of evidence of prior bad acts; (2) his due process rights

14   were violated by the trial court's overruling objections to evidence of an uncharged robbery;

15   (3) his due process rights were violated by the trial court's denial of his motion to sever the

16   charges; (4) his right to effective assistance of counsel was violated by counsel's failure to

17   adequately pursue claims one through three; (5) joinder of the charges violated due

18   process; and (6) the cumulative effect of the violations identified above violated due

19   process.  These claims are sufficient to require a response.

20                                          **CONCLUSION**

21        1.  The clerk shall serve by regular mail a copy of this order and the petition and all

22   attachments thereto on respondent and respondent's attorney, the Attorney General of the

23   State of California.  The clerk also shall serve a copy of this order on petitioner.

24        2.  Respondent shall file with the court and serve on petitioner, within sixty days of

25   the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

26   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

27   granted.  Respondent shall file with the answer and serve on petitioner a copy of all

28   portions of the state trial record that have been transcribed previously and that are relevant

2

**United States District Court**
For the Northern District of California

1   to a determination of the issues presented by the petition.

2       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

3   the court and serving it on respondent within thirty days of his receipt of the answer.

4       3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

5   answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

6   Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

7   and serve on respondent an opposition or statement of non-opposition within thirty days of

8   receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

9   within fifteen days of receipt of any opposition.

10      4.  Petitioner is reminded that all communications with the court must be served on

11  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

12  must keep the court informed of any change of address and must comply with the court's

13  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

14  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

15  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

16      **IT IS SO ORDERED.**

17  Dated:  April 25, 2012.                                    _____

18                                                  PHYLLIS J. HAMILTON
                                                     United States District Judge

19

20

21

22  G:\PRO-SE\PJH\CR.12\Patterson1229.osc.wpd

23

24

25

26

27

28

3