UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES P. PATTERSON,<br><br>             Petitioner,<br><br>   vs.<br><br>CONNIE GIPSON, Warden,<br><br>             Respondent.<br>_____/ | No. C 12-1229 PJH (PR)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION FOR DISCOVERY AND DENYING MOTION FOR EXTENSION** |

Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and respondent filed an answer on August 8, 2012. Petitioner was provided a ninety day extension to file a traverse that is due on December 21, 2012. Petitioner has now requested the appointment of counsel, discovery and an additional ninety day extension to file a traverse.

## DISCUSSION

**I.    Appointment of Counsel**

Petitioner has moved for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims adequately, and they are not particularly complex. Moreover, an answer has already been filed and the petition is almost completely submitted. The interests of justice do not require appointment of counsel.

## II.     Discovery

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief ...'" *Id.* at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).

Petitioner states that his legal materials were taken and he needs the records from the prior state habeas proceedings and transcripts. Other than stating he needs these materials petitioner provides no specific arguments why these materials are required. Petitioner has already presented his claims and a response has been filed. In addition, petitioner states his legal materials were taken in December 2011, though petitioner filed the petition in this case on March 12, 2012. There is no explanation concerning how petitioner was able to file a petition without his legal materials, but they are required for a traverse, nor does petitioner explain why he has waited until now to request this discovery. Petitioner has failed to demonstrate good cause for this discovery and the motion is denied.

## III.    Extension

Petitioner has requested another ninety day extension to file his traverse. Petitioner cites his lack of legal knowledge and the loss of his legal materials. As stated above, petitioner has waited nearly a year after his legal materials were taken to request discovery and after he was already provided a ninety day extension. The traverse is not due until December 21, 2012, so petitioner still has approximately one month to complete his traverse. The motion for an extension is denied.

///

**CONCLUSION**

1. The motion to appoint counsel (document number 10 on the docket) is **DENIED**;

2. The motion for discovery (document number 11 on the docket) is **DENIED**; and

3. The motion for an extension (document number 12 on the docket) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 26, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Patterson1229.ord.wpd